UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>BRANDON CLIFFORD,<br><br>  Defendant. | 5:17-CR-50180-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Brandon Clifford, filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 58. Plaintiff, the United States of America, argues Clifford's motion should be denied. Docket 61. For the following reasons, the defendant's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a ... resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions ... to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been

applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On April 26, 2019, the court sentenced Clifford to a term of imprisonment two months above the bottom end of his original Guidelines range, to a term of 72 months' imprisonment. Docket 54. Now, Clifford requests a sentence of two months above the bottom of the amended guideline range, to a term of 59 months' custody. Docket 58 at 4. Clifford believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence, calling for

2

a single point to be applied to those with 7 or more criminal history points but no points for offenders with 6 or fewer points. *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e), Clifford appears to meet the criteria for such a reduction. With that reduction, he now receives 0 "status points" instead of 2, resulting in a total of 5 criminal history points. That places him in Criminal History Category III and reduces the advisory Guideline range to 57-71 months. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Clifford moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Although the policy statement set forth at USSG §1B1.10

3

supports release, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not.

Application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *See United States v. Rivera-Moreno*, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Clifford's Inmate Discipline Data show a number of disciplinary problems since he was sentenced in this matter. *See generally* Docket 60. In 2022, he had four incidents in which he refused work or program assignments or refused to obey orders. *Id.* at 1. He also had two incidents of assaulting other individuals without serious injury; this conduct is on the list of "High Severity Level Prohibited Acts." *Id.* at 2.

Clifford's PSR shows he has a prior felony conviction for aggravated assault and drug possession and two convictions for driving under the influence. Docket 48 at 31, 35, 37. He had prior arrests for simple assault–domestic violence and possession of a firearm while intoxicated. *Id.* at 42-43.

His offense of conviction in this case involved Clifford using an axe to break out the window of a vehicle before locking himself inside the home and

4

attempting to light a home on fire. *Id.* at 4. According to the homeowner, she had returned from North Dakota, and the doors were wide open, and her car was gone. *Id.* at 5. She also reported that Clifford had physically assaulted her prior to the officer arriving. *Id.* When officers arrived on scene, Clifford was commanded to put the axe down, but Clifford ignored the commands. *Id.* at 4. An officer attempted to tase Clifford, but his taser was ineffective. *Id.* Clifford continued to get more agitated and at one point struck the table in the livingroom area of the home with the axe. *Id.* Clifford then stepped back and threw the axe at the officer, who was able to get out of the way. *Id.* The axe struck the door near where the officer had been standing, leaving a large gash in the door. *Id.* Clifford eventually complied and was arrested. *Id.* He admitted he was on methamphetamine at the time. *Id.* at 10.

When analyzing Clifford's conduct in light of the factors listed in 18 U.S.C. § 3553(a), all signs indicate Clifford is a danger to the community. In reviewing the nature and circumstances of the offense and Clifford's history and characteristics, pursuant to § 3553(a)(1), it is clear he is dangerous, and his conduct of assaultive behavior continued even after conviction.

## CONCLUSION

It is ORDERED that Clifford's motion is DENIED.

Dated January 26, 2024.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE